# EXHIBIT A

Name: *ALLIED INTERNATIONAL CREDIT CORP.*
Date: *11/20/18* Time: *1:52 PC*
Served by: Sabine Hilton, AZ PS #7330
LAWGRRL, L.L.C.

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  18-A-3010

$199.00 COST PAID

Mitchell, Devonte

**PLAINTIFF**

VS.

Allied International Credit Corp.

**DEFENDANT**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Cliff Dorsen**
> **Skaar & Feagle, LLP**
> **2374 Main Street**
> **Suite B**
> **Tucker, Georgia 30084**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 14th day of November, 2018.

Clerk of State Court

*Angie T. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**18-A-3010**

NOV 13, 2018 05:18 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| DEVONTE MITCHELL,<br>on behalf of himself and all others<br>similarly situated, | : |
| Plaintiff, | : |
| v. | :     Civil Action File No. |
| ALLIED INTERNATIONAL CREDIT<br>CORP., a Delaware Corporation, | : |
| Defendant. | :     **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.  Plaintiff, DEVONTE MITCHELL ("Mitchell") seeks redress on behalf of

    himself and all others similarly situated who subscribe to a cellular

    telephone number that Defendant made or initiated telephone calls to using

    an artificial or prerecorded voice message and/or using an automatic

    telephone dialing system without the prior express consent of the called

    party. Plaintiff alleges that Defendant's conduct violated the Telephone

    Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations

    promulgated thereunder, 47 CFR § 64.1200.

## PARTIES AND PERSONAL JURISDICTION

2.   Plaintiff, Devonte Mitchell, is a natural person who resides in Cobb County, Georgia and is authorized by law to bring this action.

3.   Defendant, Allied International Credit Corp. ("AIC"), is a corporation incorporated under the laws of Delaware with its principal place of business located at 2222-2228 W. Northern Ave., Suite B202, Phoenix, Arizona 85021.

4.   AIC is an international collector of consumer debts with offices in Canada, the U.K., the Philippines, and the United States.

5.   AIC regularly collects and attempts to collect allegedly delinquent consumer debts throughout the United States, including throughout the State of Georgia.

6.   AIC continually and systematically transacts business within Cobb County, Georgia.

7.   In the course of its business, AIC regularly uses the telephones to contact alleged debtors and consumers regarding business matters, including past due or delinquent accounts.

8.   In the course of its business, AIC initiated telephone calls to Plaintiff's cellular telephone number in Cobb County, Georgia.

2

9.    The calls were received by Plaintiff in Cobb County, Georgia.

10.   Plaintiff's causes of action arise from telephone calls initiated by AIC to his

      cellular telephone within Cobb County, Georgia.

11.   AIC is subject to the jurisdiction and venue of this court.

12.   AIC may be served by personal service upon its registered agent for service

      of process within the State of Georgia, to wit: Corporation Service

      Company, 40 Technology Pkwy South, #300, Norcross, GA 30092.

13.   Other defendants may be discovered in the course of litigation. As such,

      Plaintiff respectfully requests that this Court permit the addition of later

      discovered Defendants upon motion.


## STATEMENT OF FACTS

14.   The named Plaintiff is the subscriber and regular user of cellular telephone

      service for telephone number (404) 749-8857.

15.   AIC has initiated telephone calls to Plaintiff's cellular telephone number.

16.   Plaintiff has never provided AIC with his cellular telephone number.

17.   Plaintiff has never provided AIC with permission to make or initiate calls to

      his cellular telephone number.

18.   The telephone calls were made using an automatic telephone dialing system.

3

19.   The telephone calls actually played an artificial and/or prerecorded voice.

20.   The fact that voice used on the telephone messages is artificial and/or prerecorded is clear to the listener.

21.   The voice is choppy from word to word, indicating a computer is reading a script rather than a live person.

22.   During the artificial or prerecorded voice script message, a short pause occurs which is followed by an interjected computer generated voice which attempts to read the name of an individual person.

23.   The name of such individual is unintelligible from the artificial, computer generated voice.

24.   Plaintiff has received at least 14 such messages which each sounded identical to the others.

25.   Plaintiff also received at least 3 calls which consisted of dead air.

26.   AIC used an artificial or prerecorded voice message when it initiated calls to Plaintiff and the class.

27.   The use of an artificial voice and abandoned dead air calls is also indicative of the use of an automatic telephone dialing system.

28.   AIC uses a cloud based dialer provided by TCN, Inc. to make autodialed calls.

4

29.    AIC uploads contact information, including cellular telephone numbers, into
       TCN's secure contact manager to be stored.

30.    AIC then has the option of mapping the contact information with more data
       in order for the TCN system to better prioritize and sequence calls to the
       cellular telephone numbers for a calling campaign.

31.    The calls are launched automatically by the TCN system when a dialing
       campaign is set to occur.

32.    AIC agents can log into an agent gateway, and the dialer will route calls to
       the agent once the dialer receives a live connection.

33.    The dialer can also play artificial or prerecorded voice messages, such as the
       ones played in telephone calls to Plaintiff.

34.    The TCN dialer provides for conditional and sequential dialing.

35.    The TCN dialer stores telephone numbers in its secure contact manager.

36.    The TCN dialer uses a sequential number generator to automatically
       generate a sequence of telephone numbers to be called from the database
       stored in the secure contact manager.

37.    The TCN dialer dials such numbers.

38.    The TCN dialer can dial thousands of numbers in a short period of time.

39.  The TCN dialer can dial without human intervention at the time the call is
     initiated.

40.  The TCN dialer is an automatic telephone dialing system.

41.  The telephone calls to Plaintiff's cellular telephone number, and to the class,
     were initiated using an automatic telephone dialing system.

42.  The TCN dialer provides for cellular scrubbing to prevent calling cellular
     telephone numbers, if the caller chooses to utilize this feature.

43.  Plaintiff has never given AIC permission to call his cellular telephone
     number.

44.  Plaintiff did not wish to be contacted by AIC for any purpose.

45.  On multiple occasions, Plaintiff requested the AIC to cease calling.

46.  Despite Plaintiff's demand that AIC cease calling his cellular telephone, AIC
     continued to initiate calls to Plaintiff's cellular telephone number using
     artificial or prerecorded voice messages and an automatic telephone dialing
     system, at times initiating multiple calls during the same day.

47.  Dialing systems, like the one employed by AIC to call Plaintiff, lack human
     intelligence and continue to call until someone intervenes to force it to stop
     calling.

6

48.   AIC knew or should have known that (404) 749-8857 was a cellular
      telephone number.

49.   In the alternative, AIC could have conducted a simple cellular telephone
      number scrub using the TCN dialer to determine that (404) 749-8857 was a
      cellular telephone number.

50.   Continuing to initiate calls to cellular telephone numbers without conducting
      a cellular scrub, particularly after a request to cease doing so, was in reckless
      disregard of AIC's obligations under the TCPA.

51.   It was the intent of AIC to initiate the telephone call campaigns.

52.   The telephone calls made by AIC to Plaintiff's and to the class members'
      cellular telephone numbers were knowingly and willfully initiated.

53.   Manufacturers and vendors of dialing software, hardware and equipment,
      such as that employed by AIC, routinely provide their clients manuals and
      other media concerning TCPA compliance, in particular scrubbing or
      flagging of cellular telephone numbers.

54.   Plaintiff did not desire to receive such calls to his cellular telephone number,
      and Plaintiff and members of the class suffered particularized and concrete
      injuries as a result including, but not limited to, annoyance, nuisance,

7

harassment, invasion of the their respective privacy interests, intrusion upon seclusion, and trespass or occupation of their respective telephone lines.

55. Moreover, Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and AIC has harmed the named Plaintiff and class members by invading this legally protected right.

56. The legally protected rights under the TCPA closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

57. All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

58. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of AIC (ii) to such person's cellular telephone number (iii) using the same voice script and/or the same or dialing system(s) used to call (404) 749-8857 (iv) in the four year period preceding the filing of this action, through the date of class certification.

8

59. Plaintiff alleges a subclass of such persons from which AIC obtained the cellular telephone number from the same source from which it obtained telephone number (404) 749-8857.

60. The exact size of the class is information within the exclusive knowledge of the Defendant.

61. The class is so numerous that joinder of all members is impractical.

62. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received many calls to his cellular telephone from AIC, indicating Defendant did not scrub to remove cellular telephone numbers; 2) Many of the received calls to Plaintiff included an artificial or prerecorded voice message; 3) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to his cellular telephone; and 4) the sheer size and scope of AIC's collection campaigns.

63. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

9

      a.  Whether AIC's dialing system(s) constitutes an automatic
           telephone dialing system;

      b.  Whether the voice used in calling Plaintiff and members of the
           calls constitute an artificial or prerecorded voice; and

      c.  Whether the telephone calls were made knowingly or willfully.

60.    The claims of the Plaintiff are typical of those of the class members.  All are
       based on the same facts and legal theories.

61.    Plaintiff will fairly and adequately protect the interests of the class.  He has
       retained counsel experienced in handling TCPA robocall actions and class
       actions.  Neither Plaintiff nor his counsel have any interests which might
       cause them not to vigorously pursue this action.

62.    Certification of the class under Fed. R. Civ. P. 23 is appropriate in that:

      a.   The questions of law or fact common to the members of the class
           predominate over any questions affecting an individual member;

      b.   A class action is superior to other available methods for the fair and
           efficient adjudication of the controversy. Class treatment will permit a
           large number of similarly situated persons to prosecute their common
           claims relating to Defendant's autodialed calls to their cellular
           telephones in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual

lawsuits would entail. Absent a class action, many members of the

class will likely not obtain or even attempt to obtain relief, whether

because they are unaware of their right to relief from the harm caused

by Defendant's illegal practices, due to the prohibitive time and

monetary cost inherent in individual litigation, or otherwise.

63.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(3)

for his claims of monetary damages.

64.    Defendant has acted on grounds that apply generally to the class making

final injunctive relief appropriate to the class as a whole.

65.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(2)

for his claims for injunctive relief.


## CAUSES OF ACTION

## COUNT ONE:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

64.    The acts described above constitute violations of the Telephone Consumer

Protection Act by Defendant's use of an automatic telephone dialing system

to make and/or initiate calls to Plaintiff's and to class members' cellular

11

telephone numbers. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

65. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

66. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing system.

67. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

68. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party in the future.

### COUNT TWO: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES

69. The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of artificial or prerecorded voice message

12

to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers. As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

70. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

71. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of artificial or prerecorded voice calls.

72. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of artificial or prerecorded voice calls in the future.

73. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of artificial or prerecorded voice calls without the prior express consent of the called party in the future.

13

## COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

74.    The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

75.    Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

76.    Defendant's violations of the TCPA include, but are not limited to, the following:

77.        Making and/or initiating telephone calls using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

78.    As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

79.    Defendant's violations were committed willfully and knowingly.

80.    Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

14

### COUNT FOUR: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN ARTIFICIAL OR PRERECORDED VOICE MESSAGE

81. The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of artificial or prerecorded voice calls and the regulations promulgated thereunder.

82. Defendant used an artificial or prerecorded voice when it made and/or initiated calls to plaintiff's cellular telephone number.

83. Defendant's violations of the TCPA include, but are not limited to, the following:

84. Making and/or initiating telephone calls using an artificial or prerecorded voiced message to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

85. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

86. Defendant's violations were committed willfully and knowingly.

87.   Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

## COUNT FIVE: BAD FAITH ATTORNEY FEES

88.   Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls and/or using an artificial or prerecorded voice message to Plaintiff's and class member's cellular telephone numbers without the parties' prior express consent.

89.   "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

90.   "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

91.   Defendant has acted in bad faith, been stubbornly litigious or caused the Plaintiff, and the class members, unnecessary trouble and expense, and as

16

such, Plaintiff and the class members are entitled to an award of litigation

expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-

6-11.

## JURY TRIAL DEMAND

92.  Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

93.  Plaintiff hereby demands that the Defendant take affirmative steps to

preserve all telephone recordings, data, emails, other recordings, phone

records, dialer records, documents and all other tangible things that relate to

the allegations herein, Plaintiff or the putative class members, or the making

of telephone calls, the events described herein, any third party associated

with any telephone call, campaign, telemarketing, account, sale or file

associated with plaintiff or the putative class members, and any account or

number or symbol relating to any of them.  These materials are very likely

relevant to the litigation of this claim.  If Defendant is aware of any third

party that has possession, custody or control of any such materials, Plaintiff

demands that Defendant request that such third party also take steps to

17

preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A.    Certification of this matter to proceed as a class action;

B.    That Plaintiff and the class be awarded damages in the liquidated amounts provided by statute;

C.    That Plaintiff and the class be awarded treble damages;

D.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telephone calls using the equipment used to call plaintiff, without the prior express consent of the called party.

E.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telephone calls using an artificial or prerecorded voice message, without the prior express consent of the called party.

18

F.    In order to ensure plaintiff and members of the class do not receive

future calls like those delineated here, that defendant be subjected to

formal quarterly reviews through an independent third-party auditor as

to compliance with the injunction above, and submit such audits to

plaintiff's counsel and the Court;

G.    In order to ensure plaintiff and members of the class do not receive

future calls like those delineated here, that defendant be required to

keep track of any allegation by any person that they may have been

called without their consent. Each such allegation shall be

investigated by the defendant, and the results of such investigation,

including what equipment was used to make such calls, shall be

included in the complaint database. The complaint database shall be

submitted on a quarterly basis along with the independent auditor's

report.

H.    That Plaintiff and members of the class be awarded the expenses of

litigation, including a reasonable attorneys' fee.

I.     That Plaintiff and members of the class be awarded such additional

relief as deemed just and proper.

19

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:   /s/ Justin T. Holcombe
      Justin T. Holcombe
      Georgia Bar No. 552100
      jholcombe@skaarandfeagle.com
      Kris Skaar
      Georgia Bar No. 649610
      kskaar@skaarandfeagle.com
      133 Mirramont Lake Drive
      Woodstock, GA 30189
      Tel:   (770) 427-5600
      Fax:   (404) 601-1855

      James M. Feagle
      Georgia Bar No. 256916
      jfeagle@skaarandfeagle.com
      Cliff R. Dorsen
      Georgia Bar No. 149254
      cdorsen@skaarandfeagle.com
      2374 Main Street, Suite B
      Tucker, GA 30084
      Tel:   (404) 373-1970
      Fax:   (404) 601-1855

**General Civil and Domestic Relations Case Filing Information Form**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**18-A-3010**

NOV 13, 2018 05:18 PM

*Angie T. Davis, Clerk of State Court
Cobb County, Georgia*

☐ Superior or ☑ State Court of ____Cobb____ County

For Clerk Use Only

Date Filed __11-13-2018__   Case Number __18-A-3010__
        MM-DD-YYYY

**Plaintiff(s)**
Mitchell, Devonte

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Defendant(s)**
Allied International Credit Corp.

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Plaintiff's Attorney __Dorsen, Cliff R__   Bar Number __149254__   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Automobile Tort
☐ General Tort
☐ Contract
☐ Real Property
☐ Civil Appeal
☐ Habeas Corpus
☐ Restraining Petition
☐ Injunction/Mandamus/Other Writ
☐ Garnishment
☐ Landlord/Tenant
☑ Other General Civil

**Domestic Relations Cases**
☐ Dissolution/Divorce/Separate Maintenance
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Adoption
☐ Family Violence Petition
☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony.
☐ Modification
☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

____Case Number____   ____Case Number____

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. ____
        Language(s) Needed

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.